Mr. Justice Clayton
delivered the opinion of the court.
In June, 1838, Carroll recovered three several judgments in the circuit court of Lowndes county, against Judah Barrett and George. H. Livingston. Livingston had previously sold and conveyed his interest in several lots in the town of Columbus, to Wilson & Williams, and had taken a deed of trust from them to one Millican, as trustee, to secure the payment of the purchase money. In the year 1837, Livingston transferred the notes given for the lots, together with the deed of trust, to Barrett. The bill alleges that these notes are yet unpaid, and that the lots have never been sold under the deed of trust. It also charges that one Jacob Cohen sets up some claim to the notes and lots in question, and that his claim is fraudulent and void. It prays that Cohen’s title may be declared invalid, and that the lots may be decreed to be sold, to pay the judgments of complainant.
Cohen, in his answer, states that the lots were sold under the deed of trust in 1837, that Barrett became the purchaser, and that the lots were conveyed to him by the trustee. It also states *557 that Cohen became a bona fide purchaser of the lots from Barrett, and received a deed of conveyance from him, without notice of any other claim or lien. The hill was taken for confessed as to all the other defendants.
A deed was exhibited purporting to have been executed by the trustee to the lots in question to Barrett, but it was without subscribing witnesses and without acknowledgment. There was evidence to show that the signature to the deed was in the handwriting of Millican, the trustee, and that the deed had been in the possession of Barrett or Cohen.
The deposition of Millican was taken. He swears positively, that he never sold or authorized the sale of the lots, and that he never executed or delivered the deed in question. It was in proof that he offered to acknowledge the deed, if his commissions were paid him, but refused to do so on any other terms.
It was also in proof that Cohen was the son-in-law of Barrett; that Barrett had stated on several occasions he would convey his property to Cohen, to avoid the payment of his debts; that he was largely indebted; that he did convey a large amount of property to Cohen, besides the lots in question and that no consideration was known to have passed from Cohen to Barrett.
The court below decided that the lots were subject to the payment of Carroll’s judgments, and entered a decree of sale accordingly. *
If the lots were never, in fact, sold by the trustee, then there is no doubt that Barrett still has an equitable interest in the lots, which may be subjected to the payment of the judgments. The deed of the trustee would not be conclusive evidence of a valid sale of the lots, even if the deed were established beyond doubt. But there is not the slightest evidence of a sale, except the recital in the deed. The proof of the execution and delivery of the deed is by no means satisfactory, since the evidence as to the handwriting of the trustee is opposed by his positive denial of its execution. But if the evidence as to the signature is to outweigh the denial of the trustee, still there is no evidence of the delivery of the deed, other than the fact of its possession by one of the parties. This is prima facie sufficient, but scarcely *558 sufficient, to counterpoise the direct denial, of delivery. Besides, to make the conveyance valid against a judgment creditor of Barrett, it must either have been recorded, or the creditor must have had notice of it, according to the decision of a majority of this court. Dixon & Starkey v. La Coste, 1 S. & M. 70. It was certainly never recorded, nor is there any evidence that Carroll ever had notice of its existence. Indeed such an instrument, can scarcely be regarded as a deed under any circumstances as to third persons, whatever it may be between the parties.
But even if this point were not for the complainant, we think the decree should not be disturbed in its principles. The circumstances in the cause create in our minds a strong conviction, that there was no consideration for the conveyance from Barrett to Cohen, and that the whole was a-fraudulent device.
An objection is taken to the form of the decree, that it is final, when it should be interlocutory, and that the amount due to the complainant is not ascertained. This objection must be sustained. It was necessary that the amount due, and for which the premises should be held liable, should be fixed before the sale; otherwise a greater quantity of property might be sold than was requisite to pay the debt. There may be no danger of such an event in this instance, yet the court must act upon general and definite rules. Without intending to' disturb the principles of the decree in the court below, all of which we think to be correct, it must be reversed for this error. We would also suggest that in the new decree which will be entered, it will be better to direct the sale to be made by an officer of the court than by the trustee.
Decree reversed and cause remanded.